# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KURT KANAM,

    *Plaintiff*,

v.

OFFICE OF BENTON PETERSON,

    *Defendant*.

No. 18-cv-3149 (RDM)

## MEMORANDUM OPINION

The matter is before the Court on Defendant's motion to dismiss. Dkt. 6. On December 17, 2018, Plaintiff filed suit against "the Office of Benton Peterson" under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking all documents published in the Federal Register which supported or refuted various arguments Assistant U.S. Attorney Peterson had made in a motion to dismiss in another case. Dkt. 1 (Compl.); *see also* Dkt. 3 (Amd. Compl.). In response, Defendant moves to dismiss the amended complaint on two grounds. *First*, Defendant asserts that Plaintiff has failed to exhaust his administrative remedies under FOIA because he failed to follow agency procedures for submitting a FOIA request. Dkt. 6 at 5–6 (citing 5 U.S.C. § 552(a)(1) & (3)). *Second*, Defendant asserts that, even if Plaintiff had exhausted his administrative remedies, Plaintiff's amended complaint nevertheless fails to state a claim because his request does not seek "agency records" subject to FOIA. Dkt. 6 at 6–7. The Court agrees with Defendant that Plaintiff's claim fails because he did not follow the agency's procedures for submitting a FOIA request. The Court will, accordingly, **DISMISS** Plaintiff's amended complaint.

## I. BACKGROUND

Prior to filing this case, Plaintiff brought a separate suit against the Department of the Interior. He sought an injunction under the Administrative Procedure Act ("APA") to compel the Department of the Interior to add the Pilchuck Nation to the list of Federally Recognized Tribes. *See* Dkt. 1 (Compl.), *Kanam v. Bernhardt*, No. 18-cv-1760 (D.D.C. July 23, 2018). The Department of the Interior moved to dismiss Plaintiff's APA claim. Dkt. 5, *Kanam v. Bernhardt*, No. 18-cv-1760. In lieu of filing an opposition, Plaintiff mailed Benton Peterson, the Assistant U.S. Attorney ("AUSA") who was representing the Department of the Interior, a letter styled as a FOIA request, *see* Dkt. 1 at 5–8 (Compl. Attachment A), but bearing more of a resemblance to contention interrogatories or document requests. Plaintiff's letter comprised nineteen individual requests for documents published in the Federal Register that either supported or refuted certain arguments made by AUSA Peterson in the Department's motion to dismiss. Dkt. 1 at 5–8 (Compl. Attachment A). The Court in *Kanam v. Bernhardt* ultimately dismissed the case because Plaintiff failed to comply with its repeated orders to file an opposition. *See* Dkt. 13, *Kanam*, No. 18-1760. Plaintiff then filed this lawsuit against "the Office of Benton Peterson" to compel Defendant to act on his FOIA request. *See* Dkt. 1 (Compl.).

## II. ANALYSIS

On a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp.*, 550 U.S. at 562.

FOIA requires that, subject to certain exceptions, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any) and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3). Compliance with such "published rules" is a precondition of "the agency's duty" to produce records. *McDonnell v. United States*, 4 F.3d 1227, 1236 (3d Cir. 1993); *see Rosenberg v. U.S. Dep't of Immigration & Customs Enforcement*, 959 F. Supp. 2d 61, 69 (D.D.C. 2013) ("Because the Plaintiff failed to comply with the applicable regulations, the FBI was not required to 'make the records promptly available.'" (quoting 5 U.S.C. § 552(a)(3)(A)(ii))); *see also Church of Scientology of California v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986) (holding that the IRS did not need to search regional offices when the request was not directed to those offices, as required by IRS FOIA regulations).

The Department of Justice—AUSA Peterson's employer—has, pursuant to FOIA's command, 5 U.S.C. § 552(a)(1), adopted regulations governing the process for submitting FOIA requests to the Department of Justice, *see, e.g.*, 28 C.F.R. § 16.3. Those regulations provide two avenues by which a requester may request records under FOIA. First, a requester may "write directly to the FOIA office of the component [of the Department of Justice] that maintains the records being sought." *Id.* § 16.3(a)(1). The Department of Justice provides a "FOIA Reference Guide," 28 C.F.R. 16.1(a), which "contains descriptions of the functions of each component and provides other information"—including component-specific requirements—"that is helpful in determining where to make such a request. *Id.* § 16.3(a)(1). Second, a requester may send a request "to the FOIA/PA Mail Referral Unit," which "will forward the request to the component(s) that it determines to be most likely to maintain the records that are sought. *Id.* §

16.3(a)(2). The mailing address, email address, and fax number for this unit are provided in the regulation. *Id.*

Rather than submitting his request via one of these two means, Plaintiff simply mailed a request for records to a Department of Justice lawyer, who was responsible for drafting a motion to dismiss in a separate lawsuit brought by Plaintiff. Dkt. 1 at 6–8 (Compl. Attachment A). Because Plaintiff attached a copy of his FOIA request, to his original complaint, *see* Dkt. 1 at 6–8, and cites to it repeatedly in his amended complaint, *see* Dkt. 3 at 1–2, the Court may consider the request—and the manner in which it was addressed—for purposes of Defendant's motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference" (citing 5B Wright & Miller § 1357 (3d ed. 2004))).

Defendant moves to dismiss for failure to exhaust, citing Plaintiff's failure to comply with the Department of Justice's FOIA procedures. Dkt. 6 at 5. The Court agrees that Plaintiff's claim should be dismissed, but for failure to state a claim rather than failure to exhaust. The cases that Defendant cites concerning exhaustion all involved FOIA requests that were properly submitted but that were not properly appealed prior to bringing suit. *See* Dkt. 6 at 5 (collecting cases). Here, by contrast, Plaintiff, failed to follow the "published rules . . . and procedures" governing the submission of FOIA requests to the Department of Justice by mailing a FOIA request to an individual DOJ attorney. 5 U.S.C. § 552(a)(3)(B)(ii); 28 C.F.R. § 16.3(a)(3); Dkt. 1 at 6–8 (Compl. Attachment A). Accordingly, Plaintiff did not submit a request to which the agency was required to respond under FOIA, 5 U.S.C. § 552(a)(3)(B)(ii), and thus has failed to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's motion to dismiss, Dkt. 6, and will **DISMISS** this action.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 7, 2019